793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WELTON WRIGHT, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION Defendant-Appellee.
 83-1732
 United States Court of Appeals, Sixth Circuit.
 5/15/86
 
 REVERSED AND REMANDED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: MERRITT and JONES, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Welton Wright appeals the district court's judgment finding that his former employer did not violate Title VII in making various employment decisions. Wright challenges the judgment on two grounds: first, that the district court's findings of fact and conclusions of law were insufficiently detailed under Federal Rule of Procedure 52(a); and second, that the district court's factual findings were clearly erroneous. Because we agree that the findings of fact are insufficient to permit effective appellate review, we need not reach the second issue.
 
 
 2
 The district court's findings of fact and conclusions of law, delivered from the bench, were extremely brief and for the most part simply stated the ultimate conclusions on each of the multiple claims of discrimination. Although we recognize that the district court need not present a detailed finding on every aspect of the case and that Rule 52(a) requires only 'brief, pertinent findings and conclusions upon the contested matters,' see Fed. R. Civ. P. 52 Advisory Committee Note, it is essential that the findings and conclusions be stated with sufficient detail to permit effective appellate review. Grover Hill Grain Co. v. Baughman-Oster, Inc., 728 F.2d 784, 792-93 (6th Cir. 1984). In this case, we find that we are not certain of the basis for the district court's holding. Specifically, we find that it is unclear at what stage of the McDonnell Douglas test the court found that the plaintiff failed to carry his burden on each claim, and on what subsidiary factual findings the court based its ultimate factual findings. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1980); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
 
 
 3
 We hereby REVERSE the judgment below and REMAND for further proceedings consistent with this opinion.